## Kaplan v. Delaware County Republican Executive Committee

*Charles J. Hepburn, Jr.*, for plaintiff.

*Edward H. P. Fronefield* and *Joseph W. deFuria*, for defendants.

TOAL, J., April 19, 1956.—This case involves an action in trespass for libel of plaintiff alleged to have been committed by The Delaware County Republican Executive Committee during a political campaign which culminated in the November 1955 election. Averring the falsity of the statement, that plaintiff is a Communist, plaintiff claims damages in the sum of $100,000.

Defendants filed an answer raising preliminary objections, consisting of a motion to strike the complaint and a motion for a more specific complaint.

Defendants are not pressing their motion for a more specific complaint and, therefore, we will dismiss this motion.

The motion to strike the complaint is now before this court, after oral argument before the court en banc and a written brief filed on behalf of defendants.

The motion to strike is based upon the theory that plaintiff has not complied with rule 2153 of the Rules

of Civil Procedure which controls the form and manner in which a suit must be instituted against an unincorporated association. Rule 2153 is as follows:

"(a) In an action prosecuted against an association it shall be sufficient to name as defendant either the association by its name, whether the same is registered, filed or not, or any officer of the association as trustee ad litem for such association in the manner prescribed by Rule 2152.

"(b) If a plaintiff prosecutes an action against an association in the association name only, the association may prosecute any set-off, counterclaim or cross-action in its association name.

"(c) In addition to the parties defendant permitted by subdivision (a) of this rule, the Plaintiff may join as parties defendant one or more members of such association in their individual capacity, including members already named as trustees ad litem, for the purpose of enforcing any individual liability of such members upon the cause of action sued upon."

Plaintiff has failed to comply with the above rule in that he has sued the association by naming it and has then named four persons, i.e., Arthur C. Throne, Charles B. Hunt, Thomas A. Curran and Robina Ewing, "in behalf of themselves and all other members of The Delaware County Republican Executive Committee". The individuals named appear to be joined in the action in a representative capacity. This seems true when paragraph no. 2 of the complaint is read, where Arthur C. Throne is designated chairman, Charles B. Hunt is designated as the secretary, Thomas A. Curran is designated as the treasurer and Robina Ewing is designated as the assistant treasurer. If a money judgment were to be had by plaintiff under the pleadings shown in the record, it could only be valid against the association as such, and not

against the individuals named to hold them individually liable.

If individual defendants are being sued as individuals, the complaint should make this clear. If they are included in the complaint merely as representatives of defendant committee, then they should be designated as trustees ad litem for defendant unincorporated association.

While rule 2153(c) permits the joinder of individual members as a procedural matter, these individual defendants are entitled to know whether they are being sued in such a manner as to impose possible individual liability upon them, or merely as officers of defendant association without personal liability.

We are of the opinion that defendants' motion to strike the complaint should be sustained and plaintiff be given an opportunity and right to amend the complaint if he so desires. The following is therefore made:

### Order

And now, April 19, 1956, a preliminary objection to the complaint in the nature of a motion to strike same having been filed by defendants, and after oral argument before the court en banc and due consideration having been given to the matter, it is hereby ordered, adjudged and decreed as follows:

1. That the complant in the within case be and the same is hereby stricken from the record and plaintiff is hereby given leave to file a new or amended complaint to comply with the requirements of rule 2153 of the Rules of Civil Procedure as ruled upon in the within opinion; and

2. That defendants' motion for a more specific complaint be and the same is hereby dismissed; and

3. That plaintiff be granted an exception to the action taken herein.